The opinion of the court was delivered by
McEnery, J.
The accused was prosecuted by information for the-crime of perjury, tried, convicted and sentenced to hard labor for-the period of three years. He appealed from the verdict and sentence.
He complains of the ruling of the trial judge in overruling the-motion to quash the venire, on the ground that two of the commissioners were not qualified to draw the venire; the refusal to grant a new trial; the denial of a motion in arrest of a judgment. There are three bills of exception, one to the refusal of the trial judge to charge the jury as requested, one to the refusal of the judge to sustain the motion in arrest of judgment, and the third is to the admission of the whole of the testimony of Charles Jean, taken on the preliminary examination of the case of the State vs. Bertrand, at which examination the perjury is charged to have been committed-.
*948 The first motion to quash went out of existence with the failure of the defendant to be tried at the term of court for which the venire was drawn by the disqualified jury commissioner.
The second notice to quash is based on the fact that the judge appointed another commissioner in place of the one disqualified. The last appointed commissioner assisted in drawing the venire for the term of court at which the defendant was tried.
The record shows that the commissioner whose place was that filled by the judge, had qualified as police juror, thus vacating the office of jury commissioner. There was a vacancy in the office of jury commissioner, and it was the duty of the judge to make the appointment. The jury commissioners appointed by the District Judge for the districts outside of New Orleans hold their office at his pleasure. He can remove a commissioner whenever the exigencies of the case require it. Act 44 of 1877.
No other reason than that the judge was without power to make the appointment is assigned for the disqualification of the commissioner.
The motion in arrest of judgment contains but two points which it is necessary to consider.
The first is that no date is alleged when the perjury was committed. The information charges the date with certainty, and alleges specially that the perjury was committed on the 10th day of July, 1888.
The second is that the information fails to allege that the false oath was material to the issue pending.
The law is that it must appear upon the face of the indictment that the matter alleged to be false was material. It is sufficient to charge generally that the false oath was material on the trial of the issue upon which it was taken. It is not necessary to show particularly how it was material. Wharton’s Criminal Law, paragraph 2263.
In the information the materiality of the evidence is charged directly, and the statement in charging the false oath and the circumstances make its materiality plain. 28 An. 361.
On the trial the entire evidence of the accused on the preliminary trial of Bertrand, instead of that part of the testimony in which the perjury is alleged to have been committed, was admitted in evidence. To this the accused excepted. We see no error in its admission. It *949 was evidently necessary to understand the matter falsified or charged as perjury.
In the last and remaining bill of exceptions the matter urged as a defence is more serious.
In addition to the charge given, the defendant’s counsel requested the judge to charge “That it takes two witnesses in order to connect on a charge of perjury, or one witness with strong corroborating circumstances growing out and linked with the words charged to have been sworn to falsely. His honor refused to do so, saying that he had charged the very reverse, and on the further grounds: In lieu thereof I charged it is not absolutely necessary to prove perjury that there should be at least two witnesses, or one witness with strong corroborating circumstances; it may be proven even without one witness, if the circumstances are such as to fully satisfy the jury beyond a reasonable doubt that the crime was committed as charged by the accused.”
While judges are not permitted to discuss the facts of the case in charges to juries, yet they are expected to refer to the law applicable to the particular case.
The general rule which is limited to the question of falsity, is that the mere unaided testimony of one witness is not sufficient to convict of perjury.
The rule requiring more than the testimony of a single witness is limited to the question of the falsity of what the defendant delivered under oath. A second witness is not required to turn the scale against the defendant’s former oath, but circumstances or facts otherwise appearing may suffice, such as independent corroboration of the testifying witness, the defendant’s declarations contradictory of the testimony for which he is on trial. It is not necessary that this corroborating or ancillary evidence and circumstances should be of weight equal to the testimony of a single witness. It is sufficient to turn the scale against the defendant’s former oath.
The one witness to the falsity thus assumed to be necessary, is not always so. This part of the case, the same as any other, may be made out by documentary and other like evidence. Bishop’s Crim. Proc., pars. 928-932.
“Hence,” says Mr. Bishop in the work quoted and referred to, “by the modern rule it is sufficient either that there are two witnesses, or that the testimony of the one witness is corroborated or sustained *950 by other facts appearing in the case or testified to by the other witnesses.” Id. 927.
Prom the above statement of the general doctrine relating to the crime of perjury, it 'is very manifest the charge requested by the •accused was properly refused by the judge.
The charge which he had delivered, and a part of which he rejected in his refusal to charge as requested, was not excepted to.
Judgment affirmed.